## JOSEPH BARKSDALE *v.* GEORGE B. ELAM et al.

1. WILL: RESIDUARY CLAUSE: WHAT PASSES BY.—Property unbequeathed, will not pass by the residuary clause of a will, which especially, or by general words points out the sources of the residuary fund.
2. SAME: CASE IN JUDGMENT.—C., who died testate, left two slaves undisposed of by his will, which were sold by the executor, under an order of the court for that purpose.   The residuary clause in the will, after directing the executor to sell certain lands, negroes, and the cotton, corn, cattle, horses, mules, &c., belonging to his estate, continues in these words: " The money arising from the sale of said lands, negroes, cotton, &c. &c., after paying my debts and the expenses of the administration of my estate, shall be applied to the payment of the pecuniary legacies (provided for in a former part of the will), and if, after such payment, there shall be any money arising from such sale remaining, I bequeath it, together with any other money I may have, to my daughters, M., E., and C." *Held*, that the said two slaves do not pass by the residuary clause in the will, but go to the distributees, under the law, and the money in the hands of the executor, arising from their sale, will take the same direction.

IN error from the Probate Court of Holmes county.   Hon. ——— ———, judge.

The appellees, as distributees of the estate of Jonathan Carter, deceased, filed their petition for distribution of the proceeds of the sale of two slaves, Fanny and Harriet, sold under an order of

court, by the plaintiff in error, as executor of said deceased.   The petition alleged that these negroes were not bequeathed by the will of the said Carter, and that the money arising from their sale was a fund for distribution.

In his answer to the petition, the executor set out the will, and alleged, that the residuary legatees named therein, were entitled to the money in question.   The following, in substance, are the provisions of the will bearing on the subject: That the executor should sell at public sale, for cash, two certain negro men, viz., Elias and Jacob, and all the stock of cattle, horses, mules, hogs, &c., and the household and kitchen furniture, and farming utensils. The plantation on which testator resided, was to be sold on a credit of nine months, and the growing crop, should there be one, at the time of his death, was directed to be gathered and sold for cash at private sale.   " The money arising from the sale of said lands, negroes, stock, &c. &c., after paying whatever debts I may owe, and the expenses of the administration of my estate, shall be applied to the payment of the pecuniary legacies made by me, as aforesaid. If there shall be, after said money legacies, debts, and expenses of administration are paid, any money remaining, I will and bequeath it, together with any other money I may have, to my said daughters, Mary Denton, Elizabeth Wilkes, and the children of the said Cassandra Barksdale."

The court below ordered distribution, as prayed for, and the defendant sued out this writ of error.

*Dyer*, for plaintiff in error.

*Allen, Anderson,* and *Owen*, for defendants in error.

FISHER, J., delivered the opinion of the court.

This was a petition filed by the appellees, as distributees of the estate of one Jonathan Carter, deceased, in the Probate Court of Holmes county, alleging that the appellant, as the executor of the last will and testament of the deceased, had sold two slaves, not bequeathed by the said will, and that the petitioners were entitled to the money arising from such sale.   The defence relied on is, that other persons named as residuary legatees in a clause of the will,

are entitled to said money.   This defence is wholly without founda-
tion.   The residuary clause in the will embraces only the money
arising from the sale of certain specified property, and money of
the testator which might be on hand at his death, or might be re-
alized from debts due to him, and not the proceeds of the sale of the
slaves in question.   These slaves were neither specially bequeathed,
or directed to be sold, and consequently it cannot be contended,
that either they, or the money arising from their sale, could pass,
under the testator's will.   They were part of the estate not be-
queathed, and consequently, if no sale had been made, they would
have passed to the distributees, under the law; and it is hardly
necessary to say, that the money arising from the sale, must take
the same direction which the property would have taken.

Decree affirmed.